

FILED

02/18/2025

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 25-0104

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## OP 25-0104

---

SOMER MESSERLY,

      Petitioner,

v.

MONTANA TWELFTH JUDICIAL DISTRICT
COURT, HILL COUNTY, HONORABLE
KAYDEE SNIPES RUIZ, Presiding,

      Respondent.

ORDER

FILED

FEB 1 8 2025

Bowen Greenwood
Clerk of Supreme Court
State of Montana

---

Petitioner Somer Messerly seeks a writ of supervisory control over the Twelfth Judicial District Court, Hill County, in its Cause No. DR-21-2022-041-PP. Messerly asks this Court to vacate the District Court's December 24, 2024 Order Re Respondent's Motion for Contempt. That order required Messerly to transport her child to Minneapolis and place the child in the care of the child's father no later than 5:00 p.m. on December 24, 2024. The court further ordered that the child would remain in the father's custody until a contempt hearing, set for February 27, 2025, at 9:30 a.m. in the Hill County Courthouse.

Supervisory control is an extraordinary remedy that is sometimes justified when urgency or emergency factors exist making the normal appeal process inadequate, when the case involves purely legal questions, and when the other court is proceeding under a mistake of law and is causing a gross injustice, constitutional issues of state-wide importance are involved, or, in a criminal case, the other court has granted or denied a motion to substitute a judge. M. R. App. P. 14(3). Whether supervisory control is appropriate is a case-by-case decision. *Stokes v. Mont. Thirteenth Judicial Dist. Court*, 2011 MT 182, ¶ 5, 361 Mont. 279, 259 P.3d 754 (citations omitted).

Here, Messerly asserts the District Court erred by modifying its Final Parenting Plan as a punitive measure against her. The Final Parenting Plan was filed on October 9, 2024.

According to Messerly, it required her to deliver the child to Minneapolis for four days over the Christmas holiday. However, Messerly filed an ex parte motion on December 16, 2024, seeking modification of the Final Parenting Plan, an order of protection, and a temporary suspension of the father's parenting time. The court denied the motion on December 16, 2024.

On December 23, 2024, the father filed a Consolidated Emergency *Ex Parte* Motion to Enforce Parenting Plan, to Compel, for Contempt, and for an Award of Attorney Costs and Fees, in which he moved the court, in part, to order Messerly to immediately return the child to his care. He advised the court that Messerly had informed him she would not transport the child to Minneapolis for Christmas as required by the Final Parenting Plan. The court issued its order granting his motion the following day, prior to Messerly filing a response.

Messerly argues the court had no authority to modify the Final Parenting Plan by ordering the child to remain in the father's custody until the contempt hearing because § 40-4-219, MCA, requires a showing of changed circumstances. She asserts that, by scheduling a contempt hearing for 65 days later, the District Court created an emergency situation because "[a] very young child has been abruptly removed from a carefully considered parenting arrangement . . . and relocated to another state while enduring drastically reduced contact with his mother." She argues that the developmental impact on the child cannot be remedied via appeal. She further argues the District Court erred as a matter of law by failing to hold a show cause hearing within 21 days of ordering an interim parenting plan, as required by § 40-4-220(2)(b), MCA.

We faced a similar situation in *Kennedy v. Mont. First Jud. Dist. Ct.*, No. OP 21-0545, 407 Mont. 440, 500 P.3d 579 (Nov. 9, 2021). In that case, like here, the petitioner requested supervisory control because the District Court set a hearing beyond the 21-day deadline found in § 40-4-220(2)(b), MCA. We denied supervisory control in that instance. We noted that, although supervisory control may sometimes be appropriate when a court sets a hearing beyond the 21-day deadline, such was not the case in *Kennedy* because the petitioner did not petition for writ of supervisory control until nearly a month after the

2

District Court issued its order setting the hearing and, by the time Kennedy filed her petition, the time required for this Court to request responses and dispose of the matter would serve only to delay resolution even longer.

In the present case, Messerly did not petition for writ of supervisory control until nearly six weeks after the District Court entered the order she seeks to challenge. Under M. R. App. P. 14(7)(a), upon the filing of a petition for writ, this Court may either order a summary response or dismiss the petition without ordering a response. If we were to order a response in this instance, providing the father and the District Court time to respond and for this Court to then dispose of the matter would delay resolution of this matter beyond February 27, 2025. Like *Kennedy*, the District Court's hearing will more expeditiously resolve this matter than this Court could achieve at this juncture.

IT IS THEREFORE ORDERED that the petition for writ of supervisory control is DENIED and DISMISSED.

The Clerk is directed to provide immediate notice of this Order to counsel for Petitioner, all counsel of record in the Twelfth Judicial District Court, Hill County, Cause No. DR-21-2022-041-PP, and the Honorable Kaydee Snipes Ruiz, presiding Judge.

DATED this 18 day of February, 2025.

_____
Chief Justice

_____

_____

_____

_____
Justices

3